UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BARBARA BROWN and CINDY HIETT,<br><br>        Plaintiffs,<br><br>    v.<br><br>MHN GOVERNMENT SERVICES, INC; HEALTH NET, INC.; and MHN SERVICES d/b/a MHN SERVICES CORPORATION, a Washington corporation<br><br>        Defendants. | CASE NO. C13-5271 BHS<br><br>ORDER GRANTING PLAINTIFFS' MOTION FOR REMAND |

This matter comes before the Court on Plaintiffs Barbara Brown and Cindy Hiett's ("Plaintiffs") motion to remand (Dkt. 14). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

**I. PROCEDURAL HISTORY**

On May 3, 2011, Plaintiffs filed a first amended complaint in Pierce County Superior Court for the State of Washington. Dkt. 1, Exh. A ("*Brown I*"). Plaintiffs alleged state law wage claims on behalf of themselves and a proposed class. *Id*.

ORDER - 1

Defendants Health Net, Inc., MHN Government Services, Inc., and MHN Services ("Defendants") removed the case under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), and Plaintiffs voluntarily dismissed the complaint. *See Brown v. MHN Gov't Servs., Inc.*, Cause No. 3:11-cv-05400BHS (W.D. Wash. 2011).

On June 14, 2011, Plaintiffs filed a new complaint in Pierce County Superior Court for the State of Washington. Dkt. 1, Exh. C ("*Brown II*"). Plaintiffs allege state law wage claims on behalf of themselves and a proposed class. *Id*.

On May 15, 2012, Plaintiffs and twelve other named plaintiffs filed a complaint in this Court alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and the California Labor Code § 226.8. *Hiett v. MHN Gov't Servs., Inc.*, Cause No. 3:12-cv-05428-BHS (W.D. Wash. 2012).

On June 12, 2012, Defendants removed *Brown II* to this Court. *See Brown v. MHN Gov't Servs., Inc.*, Cause No. 3:12-cv-5133BHS (W.D. Wash. 2011). On July 5, 2012, Plaintiffs filed a motion to remand. *Id*., Dkt. 16. On September 4, 2012, the Court granted the motion to remand. *Id*., Dkt. 28.

On March 19, 2013, the Supreme Court issued *Standard Fire Ins. Co. v. Knowles*, 133 S. Ct. 1345 (2013).

On April 9, 2013, Defendants again removed *Brown II* to this Court, and it is the current case before the Court. Dkt. 1. On April 18, 2013, Plaintiffs filed a motion to remand. Dkt. 14. On May 6, 2013, Defendants responded. Dkt. 18. On May 10, 2013, Plaintiffs replied. Dkt. 20.

## II. DISCUSSION

The issue in this case is fairly simple. Defendants removed the matter without any authority for the proposition that a recent Supreme Court opinion in a wholly separate case resets the thirty-day removal window under 28 U.S.C. § 1446(b)(3). They, however, provide pages of unpersuasive argument for the proposition that the Court should extend the limited exception of out-of-circuit cases and hold that "a Supreme Court decision not involving the party seeking removal, but sufficiently related to the proceedings, could qualify as an order or other paper." Dkt. 18 at 10. The Court declines to adopt Defendants' proposed new rule of law. Therefore, the Court grants Plaintiffs' motion for remand.

The remaining question is Plaintiffs' request for an award of expenses. Dkt. 14 at 20–23. "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). Whether fees and costs are awarded turns on the reasonableness of the removal. *Patel v. Del Taco, Inc.*, 446 F.3d 996, 999 (9th Cir. 2006) (citing *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005)). Fees may be awarded under "unusual circumstances" or where there is "no objectively reasonable basis for removal." *Id*.

In this case, the Court cannot find that Defendants' argument has no objectively reasonable basis for removal and therefore, no award of fees is made.

### III. ORDER

Therefore, it is hereby **ORDERED** that Plaintiffs' motion for remand (Dkt. 14) is **GRANTED**.

Dated this 28th day of May, 2013.

*[signature]*

BENJAMIN H. SETTLE
United States District Judge